IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE<br>1875 Eye Street, NW<br>Suite 800<br>Washington, DC 20006,<br><br>    Plaintiff,<br><br>  v.<br><br>BUREAU OF LAND MANAGEMENT<br>1849 C Street NW, Room 5665<br>Washington, D.C.  20240<br><br>    Defendant. | Civil Action No. 17-154 |

## COMPLAINT

1. Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to records maintained by Defendant Bureau of Land Management ("BLM").  The requested records concern the BLM's acquisition of land in Arizona, Nevada, and New Mexico.  Defendant has failed to issue a final determination on CoA Institute's FOIA request within the applicable FOIA time limits.  In doing so, Defendant has withheld records to which CoA Institute has a right and that serve the public interest in transparent and accountable government.

## NATURE OF THE ACTION

2. The BLM is tasked with managing public lands under the Federal Land Policy and Management Act ("FLPMA").  43 U.S.C. § 1732.  Currently, the BLM owns approximately 250 million acres.  *See Budget Hearing – Bureau of Land Management: Hearing Before the Subcomm. on Interior, Environment, and Related Agencies of the H. Comm. on Appropriations*,

1

114th Cong. (2016) (statement of Neil Kornze, Director, Bureau of Land Management), *available at* https://on.doi.gov/2jpOcFD.

3. The FLPMA authorizes the BLM to acquire additional public lands "by purchase, exchange, donation, or eminent domain." 43 U.S.C. § 1715(a).

4. In its most recent budget proposal, the BLM requested nearly $90 million to fund land acquisitions. Press Release, Bureau of Land Management, President Proposes $1.3 Billion Budget for BLM in Fiscal Year 2017 (Feb. 9, 2016), *available at* https://on.doi.gov/2kkrOSw.

5. The BLM's acquisition of land is often newsworthy. *See, e.g.*, *Feds Buy 2 Parcels to Add to Agua Fria National Monument*, ASSOCIATED PRESS, Apr. 19, 2015, *available at* http://bit.ly/2jpEKlC. In many cases, however, little information about the details of BLM transactions is publicly available.

6. In an effort to understand which land BLM chooses to acquire, who it acquires the land from, and how it values the land it acquires, CoA Institute submitted a FOIA request to Defendant on August 10, 2016. *See* Ex. 1. The FOIA request sought records of contracts and agreements, appraisals, and communications concerning the BLM's acquisition of land. *Id*. These records would help educate the general public about BLM's land acquisition activities.

7. To date, Defendant has not issued a final determination on or produced all records responsive to CoA Institute's August 10, 2016 FOIA request. The failure to issue a timely determination on the FOIA request at issue and to produce the responsive records violates CoA Institute's rights under FOIA.

## JURISDICTION AND VENUE

8. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

9. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

10. CoA Institute is a non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. CoA Institute regularly requests access under FOIA to the public records of federal agencies, entities, and offices, and disseminates its findings, analysis, and commentary to the general public.

11. The Bureau of Land Management is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, and control of records to which CoA Institute seeks access and which are the subject of this Complaint.

## FACTS

12. By letter, dated August 10, 2016, CoA Institute submitted a FOIA request to the BLM seeking certain records related to the BLM's land acquisition activities. Ex. 1. The time period for the request was "January 1, 2009 to the present." *Id*.

13. CoA Institute also requested a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id*.

14. By email, dated August 11, 2016, Defendant acknowledged receipt of the August 10, 2016 FOIA request and assigned the request control number 2016-00896. Ex. 2.

15. Defendant classified CoA Institute as a "representative of the news media," but did not make a determination on the fee waiver request. *Id*.

16. By telephone, on August 16, 2016, CoA Institute agreed to narrow the scope of all items of the request to the states identified in Item 4 of the request (i.e., Arizona, Nevada, and

New Mexico).  Defendant and CoA Institute confirmed this agreement by email of the same date.  Ex. 3.

17.By telephone, on or about September 15, 2016, Defendant stated that searches were in progress and that it had run a database report to help identify responsive records.

18.By email, dated October 3, 2016, CoA Institute requested an update on the status of the FOIA request.  Ex. 4.

19.By return email, dated October 4, 2016, Defendant notified CoA Institute that it was "still in the records collection phase," but that "some records should start trickling in soon." *Id*.  Defendant also indicated that it would produce records on a rolling basis as they became available.  *Id*.

20.By return email of the same date, CoA Institute inquired whether Defendant could provide a copy of the database report Defendant had generated, since responsive records were not yet available.  *Id*.

21.By email, dated October 7, 2016, Defendant provided an interim response of four spreadsheets that it had generated from the database.  Ex. 5.

22.By email, dated November 1, 2016, CoA Institute requested an estimated date when the additional responsive records would be produced.  Ex. 6.

23.By return email dated, November 2, 2016, Defendant stated it would gather information from the program offices and provide an update in a couple of days.  *Id*.

24.By email, dated November 7, 2016, CoA Institute inquired whether Defendant had obtained an update from its program offices.  Ex. 7.

25. By return email, dated November 10, 2016, Defendant stated that responsive records were "starting to trickle in" and that some responsive documents were being reviewed and should be cleared in "about 3-4 weeks." *Id.*

26. By email, dated January 4, 2017, CoA Institute requested an update on the request and an estimated production date. Ex. 8.

27. To date, Defendant has not responded to CoA Institute's January 4, 2017 email inquiry and has not produced any responsive records other than the interim production on October 7, 2016.

28. To date, Defendant's FOIA tracking website lists an "Estimated Processing Completion Date" of "After 11/03/16" for Request Number BLM-2016-00896. *See* Ex. 9.

## COUNT 1
## Violation Of FOIA: Failure To Comply With Statutory Deadlines

29. CoA Institute repeats paragraphs 1 through 28.

30. FOIA requires agencies to respond to requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. 5 U.S.C. §§ 552(a)(6)(A)–(B). If an agency requires additional time, FOIA mandates that the agency provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" *Id.* § 552(a)(6)(B)(ii).

31. Defendant failed to issue a final determination on or produce all records responsive to CoA Institute's request within the applicable FOIA time limits.

32. Defendant also failed to comply with FOIA in that it never provided CoA Institute "an opportunity to arrange with the agency an alternative time frame for processing" the FOIA requests. Neither the BLM's acknowledgement letter nor its other responses provided an

estimated date of completion or an invitation to contact the agency for the purposes of negotiating an "alternative" response date for the request.

33. CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

### **RELIEF REQUESTED**

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a. order Defendant to process FOIA request No. 2016-00896 expeditiously and make a final determination within twenty (20) business days of the date of the Order;

b. order Defendant to produce all responsive records promptly upon issuing its final determination;

c. award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

d. grant such other relief as the Court may deem just and proper.

Date: January 24, 2017                             Respectfully submitted,

*/s/ Lee A. Steven*
Lee Steven
D.C. Bar. No. 468543
Lee.Steven@causeofaction.org

CAUSE OF ACTION INSTITUTE
1875 Eye Street, NW, Suite 800
Washington, DC  20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842

*Counsel for Plaintiff*

4849-6348-9838, v. 3